## UNITED STATES ex rel. MORLACCI v. SMITH, District Director of Immigration.

(District Court, W. D. New York. August 27, 1925.)

No. 2767.

**1. Aliens ⬤⟳53—Assault with dangerous weapon and shooting of person is contrary to good morals and proper conduct and justifies deportation of alien under Immigration Act.**

Mere assault and battery does not involve commission of a crime involving moral turpitudes justifying deportation of alien under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), but an assault with a dangerous weapon and shooting the person is an act which includes something done by the assailant contrary to good morals and proper conduct and will justify such deportation.

**2. Aliens ⬤⟳53—Alien incarcerated for one year and six months in state reformatory held definitely "sentenced to imprisonment for a year or more," within Immigration Act, and hence subject to deportation.**

Alien sentenced to New York state reformatory until discharged by law because of conviction of assault in second degree, committed within five years after entry into United

States, *held* definitely sentenced to imprisonment for a year or more within Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), and hence subject to deportation, where he was incarcerated in such reformatory for one year and six months and under Regulations of Board of Managers, adopted pursuant to New York Penal Law, § 2195, and Prison Law, § 307, no parole or discharge was grantable until after expiration of thirteen months following his arrival at reformatory.

Habeas Corpus. Application for writ by the United States, on the relation of Santino Morlacci, against Shirley D. Smith, District Director of Immigration. Writ dismissed, and relator remanded to custody of the Department of Labor, for execution of warrant of deportation.

Sumner & Panzarella, of Buffalo, N. Y., for relator.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Leland G. Davis, of Buffalo, N. Y., of counsel), for the United States.

HAZEL, District Judge. [1, 2] The relator in his petition claims that he is unlawfully detained by the Department of Labor for deportation to Italy under section 19 of the Act of February 5, 1917, commonly known as the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). The return shows that the relator was sentenced to the Elmira Reformatory until discharged by law, because of his conviction of assault in the second degree, an assault committed within five years atfer the alien's entry in the United States, and, moreover, that at the time of his entry he was likely to become a public charge. The presumption that he might become a public charge may be passed without decision, inasmuch as the serious ground upon which the deportation is based is the commission of a crime involving moral turpitude. Upon that point I make these observations: Mere assault and battery concededly does not involve such a degree of depravity, but an assault with a dangerous weapon, in this case a revolver, and shooting the person, is simply an act which includes something done by the assailant contrary to good morals and proper conduct. Society is entitled to protection from willful acts of that description which frequently result in more serious injury and consequences than that following the commission of the offense in question. The relator pleaded guilty to the charge, and though his affidavit submitted at the hearing before me tends to show a measure of aggravation, it is doubtful

whether this court has the power to examine the circumstances upon which the conviction and sentence were based. The Saraceno Case (C. C.) 182 F. 955, cited by counsel for the relator, is without application. There the deportation was primarily based upon a conviction of carrying concealed weapons, and the learned court held that no moral turpitude was involved in such an act. And, furthermore, that there was no evidence that the alien was likely to become a public charge.

But in this case it is argued that no sentence of imprisonment for a term of a year or more, as required by section 19 of the Immigration Act to deport the relator, was imposed. In answer to this contention, it is necessary to advert to the Penal Law (Consol. Laws, c. 40) and Prison Law (Consol. Laws, c. 43) of this state. The former (section 2195) substantially provides that a sentence of imprisonment in a reformatory shall not fix or limit the duration thereof, since section 307 of the Prison law declares that the term of imprisonment shall be terminated by the State Board of Managers without such term, however, being extended beyond the period provided by law for the particular crime for which the sentence was imposed. Discretion was lodged in the Board of Managers to grant a release or discharge when it shall appear to its satisfaction that there is a strong probability that the person, if allowed his liberty, will not again violate the law.

Although the board has power to grant a parole to the prisoner at any time until it grants a final discharge (see People v. Adams, 176 N. Y. 351, 68 N. E. 636, 63 L. R. A. 406, 98 Am. St. Rep. 675), still it also has the power to make rules and regulations not inconsistent with law for the parole and discharge of persons (People v. Madden, 120 App. Div. 338, 105 N. Y. S. 554). Section 19 of the Immigration Act makes no exception as to the place of imprisonment, and accordingly it makes no difference that the relator was sentenced to a reformatory instead of a state prison. The record shows that he was incarcerated for a period of one year and six months under the sentence imposed for the crime of assault in the second degree, and upon giving consideration to the various provisions of the statute above mentioned, I must hold that he was definitely sentenced to imprisonment for a year or more. It was a fixed and definite term of imprisonment, for under the regulations of the Board of Managers no parole or discharge is grantable until after the expira-

tion of thirteen months following the arrival at the reformatory of the person sentenced. Judge Campbell of the Southern District of New York, in United States ex rel. Salvatore Sirtie v. Commissioner of Immigration at Port of New York, 6 F.(2d) 233, had the same question before him as to a sentence to a reformatory, and it was contended there, as here, that the sentence was indefinite and was not a sentence of imprisonment for one year or more, but the court held otherwise.

The writ of habeas corpus is dismissed, and the relator remanded to the custody of the Department of Labor for execution of the warrant of deportation.