**CIAMBELLI ex rel. MARANCI v. JOHNSON.**

(District Court, D. Massachusetts. April 9, 1926.)

No. 3396.

1. **Aliens ⚖≈53—Indeterminate sentence, under which prisoner cannot be released within one year, is sentence for one year or more as respects deportation (G. L. Mass. c. 124, and chapter 279, §§ 31, 32; Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).**

Indeterminate sentence of an alien to a reformatory under Gen. Laws Mass. c. 279, §§ 31, 32, from which sentence he cannot be released, under the rules of the board of parole, adopted under chapter 124, until the expiration of more than a year, is a sentence for a term of one year or more, within the meaning of Immigration Act 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).

2. **Aliens ⚖≈53—Conviction for assault and battery held not for crime involving moral turpitude (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).**

Conviction of an alien of assault and battery, under the facts appearing, *held* not of a crime involving moral turpitude, which authorized his deportation, under Immigration Act 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).

Habeas Corpus. Petition by Grace Ciambelli, on the relation of John Maranci, against John P. Johnson, for release from custody on a warrant of deportation. Writ granted.

Michael A. Fredo, of Boston, Mass., for relator.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. John Maranci was arrested on a warrant of deportation as an alien who had been sentenced to imprisonment for a term of one year or more, because of conviction in this country of a crime involving moral turpitude committed within five years after the entry of the alien into the United States. Section 19, Act Feb. 5. 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). A writ of habeas corpus is sought on behalf of the alien upon a petition which raises two questions:

First. Whether the alien had been sentenced to imprisonment for a term of one year or more; and

Second. Whether he had been convicted of a crime involving moral turpitude.

The alien landed in this country on October 17, 1920. On the 23d day of March, 1925, he was convicted in the superior court of the commonwealth of Massachusetts upon an indictment charging that he "on the 1st day of February, in the year of our Lord one thousand nine hundred and twenty-five, being armed with a certain dangerous weapon, to wit, a razor, did assault and beat * * * a police officer, * * * who was also in the lawful discharge of his duties as such officer." Upon conviction, the alien was sentenced to the Massachusetts reformatory at Concord, "there to be kept and governed according to the rules of the same, and that he stand committed until he be removed in pursuance of said sentence."

[1] Taking up, first, the question relating to the term of his imprisonment. The laws of Massachusetts provide that the court, in imposing a sentence of imprisonment in a Massachusetts reformatory, shall not fix the term thereof, unless it exceeds five years, but shall merely impose a sentence of imprisonment therein, and that, when sentenced for the offense for which the alien was convicted, the prisoner may be held in the reformatory for not more than two years. Gen. Laws, c. 279, §§ 31 and 32.

The rules of the board of parole, adopted under the authority of Gen. Laws Mass. c. 124, contain the following:

"If he [inmate] is serving his first term in the reformatory, having been sentenced for a two-year term, he shall on the expiration of eleven months from the date of his commitment to the reformatory, have the right to make an application for a hearing before the board of parole on the question of his release."

The rules further provide that all permits granting liberty shall become effective in thirty days from the date when they shall be voted, unless otherwise provided in the vote. Thus it appears that, while the sentence was indeterminate, it could not, under the statutes and the rules, be less than one year or more than two years.

I am disposed to rule, therefore, on the facts presented, that the alien had been sentenced to imprisonment for a term of one year or more. See, to the same effect, Morlacci v. Smith (D. C.) 8 F.(2d) 663, and Sirtie v. Commissioner of Immigration (D. C.) 6 F.(2d) 233.

[2] This brings me to the second question, namely, whether the alien was convicted of a crime involving moral turpitude. The offense with which he was charged was an assault and battery upon a police officer. It appears from the indictment that he was armed at the time with a dangerous weapon,

to wit, a razor. It is not charged, nor is it claimed by the government, that the assault was made with the weapon.

It has been held that simple assault and battery is not a crime involving moral turpitude. Morlacci v. Smith, supra; Ex parte George (D. C.) 180 F. 785; Gillman v. State, 165 Ala. 135, 51 So. 722. But an assault is one of those offenses which may, or may not, involve moral turpitude, depending upon the circumstances of the particular case. If one ordinarily law-abiding, in the heat of anger, strikes another, that act would not reveal such inherent baseness or depravity as to suggest the idea of moral turpitude. If, on the other hand, one deliberately assaulted an officer of the law with a dangerous weapon and with felonious intent, or for the purpose of interfering with the officer in the performance of his duty, the attendant circumstances showing an inclination toward lawlessness, the act might well be considered as one involving moral turpitude. Between the two lies the line of demarcation which I do not undertake to define accurately. I only determine which side of the line the facts of this case fall. I do not find that the offense of assault upon a police officer is a statutory offense in Massachusetts. The allegations of the indictment do not warrant a finding that the assault committed by the alien indicated moral turpitude. From alien's statement, made at the time of the arrest to officers of the Immigration Department, it appears that the alien was at a restaurant when a fight started, and the officer rushed in to quell the disturbance, and in the mêlée the alien was accused of hitting the officer. Another Italian was joined in the indictment, and the alien denies that he was the one who hit the officer. He has nevertheless been convicted of the offense. On this state of facts I am still of the opinion that the assault did not come within that class of assaults which involve the idea of moral turpitude. The government has not brought the alien within the scope of section 19, so as to render him liable to deportation thereunder. This the government must do, because the right to deport is confined to such aliens as come within the excluded clause. "They have no more authority to deport one not so included than they would have to deport a citizen." Ex parte Saraceno (C. C.) 182 F. 955.

The writ may issue, and an order may be entered thereon discharging the alien, John Maranci, from the custody of the Commissioner of Immigration.