MATTER OF ESPINOSA

In DEPORTATION Proceedings

A-11078954

*Decided by Board August 16, 1962*

Respondent, who was indicted for abetting a nonimmigrant visitor "to make a false and fraudulent statement" in an application for an extension of stay, and who was convicted of an offense defined by the third part of 18 U.S.C. 1001, which relates to the making or use of a false writing knowing it to contain any false, fictitious or fraudulent statement, has not been convicted of a crime that involves moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of crime involving moral turpitude committed within five years after entry and sentenced for a year or more; 18 U.S.C. 2 and 1001.

This is an appeal by the Service from the order of the special inquiry officer terminating proceedings. The respondent, a 34-year-old male, a native and citizen of Cuba, last entered the United States in January 1960 after a temporary visit abroad. He had been admitted for permanent residence on December 20, 1957. On April 21, 1961, he was convicted on a plea of guilty under 18 U.S.C. sections 2 and 1001 and given a suspended sentence of a year. Deportation proceedings were brought on the theory that respondent had been convicted of a crime involving moral turpitude committed within five years after his entry for which he had been sentenced to confinement for a year. The special inquiry officer terminated proceedings on the ground that the record did not establish that respondent's conviction was for a crime involving moral turpitude.

Respondent was indicted for abetting a nonimmigrant visitor "to make a false and fraudulent statement" in an application for an extension of stay. Respondent was convicted "as charged."

We need not concern ourselves with the effect of section 2 of Title 18 of United States Code which defines "principal". The issues are (1) under what clause of section 1001 was respondent convicted, and (2) whether the portion under which conviction occurred involves moral

turpitude. Section 1001 of 18 U.S.C. consists of three parts. In substance, a crime is created in the first part by the misrepresentation of a material fact by scheme, in the second part by the making of "any false, fictitious or fraudulent statements", and in the third part by the use of a false writing knowing it to contain "any false, fictitious or fraudulent statement".

The special inquiry officer held that respondent had been convicted under the third part. He terminated proceedings following a precedent which held that a conviction under the third part does not involve moral turpitude because of the conflict in the various circuits as to whether materiality is required (*Matter of G—*, 8 I. & N. Dec. 315).

The Service contends that the conviction was under the second clause and that since the indictment to which the respondent pled guilty charged him with the making of a false *and* fraudulent statement, respondent must be deemed to have been convicted for making a fraudulent statement. The Service urges that since fraud is involved, the crime must be held one which involves moral turpitude. The special inquiry officer was of the belief that even if the conviction had been under the second part of section 1001, moral turpitude would not be involved because the same words being used to spell out the crime in the second and third clauses there still would remain a doubt as to whether materiality is involved. Counsel's defense is based on the belief that respondent committed the crime without any desire to violate the law. He expresses his belief that the violation of law occurred when the respondent, in an act of charity, suggested to a friend that she give a Philadelphia address on an application for an extension of stay, rather than a New York address, so that she could obtain a three-month extension instead of one-month extension, thus avoiding the necessity of making repeated applications. The examining officer takes issue with this view of the motivation behind respondent's conduct (p. 11).

Whether or not respondent was convicted on the basis of the facts alleged by counsel, the possibility of his conviction under such circumstances is apparent; it raises considerable question as to whether violation of such a law should be held to involve moral turpitude. However, we need not decide the issue on this basis. We agree with the special inquiry officer that the conviction was under the third clause which concerns the making or use of a document containing a misrepresentation and that such a conviction cannot at the present serve as the basis for deportation. Even if we are wrong in this thesis, and the crime consists of a violation of the second clause of section 1001 which concerns the making of false statements without reference to writings, it seems to us that a question as to materiality would still exist. Besides, the simple answer lies in the fact that the record does

not establish that there was a conviction for fraud rather than for false misrepresentation. The second clause of 18 U.S.C. 1001 lists the commission of several acts which can constitute the crime. These acts are set forth in the disjunctive. Thus, it is a crime to make a false writing knowing it to contain a "false, fictitious *or* fraudulent statement" (emphasis supplied). In an indictment the elements of the crime can be set forth in the conjunctive; however, a defendant can be found guilty upon proof of the commission of any one of the acts charged (*United States* v. *Wells*, 180 F. Supp. 707 (Del. 1959)). Under such circumstances, there is a question as to whether the conviction was based upon the existence of one element rather than another. We cannot assume that the respondent pleaded guilty to fraudulent conduct rather than false conduct. Since the burden is upon the Service, we must take the case in the light most favorable to the respondent and assume that the plea of guilty concerned a false rather than a fraudulent statement (*Matter of B—M—*, 6 I. & N. Dec. 806; *Matter of B—*, 4 I. & N. Dec. 444, 448–451; *Matter of B—*, 4 I. & N. Dec. 493, 496). The appeal of the examining officer will be dismissed.

The Service also points out that the Board has held that an impairing of Government functions can constitute fraud. The conviction in the instant case was not for the impairing of Governmental functions, but for violation of a law which this Board has held, cannot be said to involve moral turpitude.

ORDER: It is ordered that the appeal of the examining officer be and the same is hereby dismissed.