MATTER OF LETHBRIDGE

In Deportation Proceedings

A–11853110

*Decided by Board December 13, 1965*

(1) Conviction of uttering a counterfeit obligation with intent to defraud in violation of 18 U.S.C. 472 is conviction of a crime involving moral turpitude.

(2) Conviction under that portion of 18 U.S.C. 474 which makes it a crime to possess securities made after the similitude of United States securities intending to sell and use them, is not a conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted within five years of crime and sentenced to year or more (18 U.S.C. 472, 474).

Respondent appeals from the order of the special inquiry officer requiring her deportation upon the charge stated in the caption; the appeal will be dismissed.

Respondent, a 40-year-old married female, a native of Great Britain and citizen of Canada, admitted to the United States for permanent residence on December 9, 1960 was charged with having on September 10, 1964 violated two laws of the United States (18 U.S.C. 472 and 474). Found guilty on December 16, 1964, she was sentenced on July 25, 1965 to two years' imprisonment (suspended) on each count and fined $200 on each count. The special inquiry officer found that the crimes involve moral turpitude and ordered respondent's deportation. Respondent alleging that her husband and two minor children are legal residents of the United States contends that she is not deportable because her family will suffer deprivation if she is deported; she mentions the civic duties she has fulfilled; and pointing out that she entered a plea of not guilty alleges that she was found guilty because of pressure by the United States Treasury Department, the incompetence of the jury, and her attorney's ineffective defense.

Respondent is deportable. The conviction on count one is laid under 18 U.S.C. 472 which concerns the act of uttering a counterfeit obligation with intent to defraud. This crime involves moral turpitude (*Matter of P—*, 6 I. & N. Dec. 795); the crime was committed within five years of her entry; respondent was sentenced to a year; conviction on this count alone sustains the charge.

Count two is laid under that portion of 18 U.S.C. 474 which makes it a crime to possess securities made after the similitude of United States securities intending to sell and use them. Language in the indictment charging knowledge of the counterfeit nature of the securities is not found in 18 U.S.C. 474 and would therefore appear to be surplusage.

In construing language similar to that in the portion of 18 U.S.C. 474 on which count two is based, the court held "Possession of the instrument being positively prohibited by statute, guilty intent is not an essential element of the offense, and there is no necessity for any specific intent or motive except the intention to use or sell" (*Leib v. Halligan*, 236 F. 82 (9th Cir., 1916)). The conviction based on count two is not shown to involve moral turpitude (see *Matter of K—*, 7 I. & N. Dec. 178) and cannot support the deportation charge.

We are bound by this record of conviction and cannot go behind it. If respondent wishes to attack the validity of her conviction, she must do so in the criminal courts. As the special inquiry officer pointed out, respondent is not barred from returning to the United States by reason of her conviction and deportation, she may seek permission to reapply and a waiver under section 212(h) of the Act (formerly section 212(g); redesignated by the Act of October 3, 1965 (79 Stat. 911)) of the ground of inadmissibility arising out of her conviction.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.