# MATTER OF SHORT

In Deportation Proceedings

A-38827315

*Decided by Board November 16, 1989*

(1) If the underlying or substantive crime involves moral turpitude, then a conviction for aiding in the commission of the crime or for otherwise acting as an accessory before the fact is also a conviction for a crime involving moral turpitude. *Matter of F-*, 6 I&N Dec. 783 (BIA 1955), followed.

(2) The Board of Immigration Appeals withdraws from *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974), to the extent that it holds that an assault with intent to commit a felony is per se a crime involving moral turpitude without regard to whether the underlying felony involves moral turpitude; there must be a finding that the felony intended as a result of the assault involves moral turpitude.

(3) For purposes of determining whether the respondent's conviction for aiding and abetting in the assault with intent to commit a felony upon the person of a minor in violation of 18 U.S.C. § 2 (1982) and 18 U.S.C. § 113(b) (Supp. IV 1986) was for a crime involving moral turpitude, the conviction record of the respondent's husband, whom she was convicted of aiding and abetting, may not be properly be admitted as evidence where the respondent's record of conviction nowhere related her crime of aiding and abetting to the specific sexual offense of which her husband was convicted, the respondent's prior conviction for engaging in deviate sexual intercourse with a 3-year-old female was overturned on appeal, and the statute under which she was subsequently convicted specifically excluded felonies under Chapter 109A of Title 18 (18 U.S.C. §§ 2241-45 (Supp. IV 1986)), which concerns sexual abuse offenses.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crime involving moral turpitude

ON BEHALF OF RESPONDENT:
Susan Schreiber, Esquire
Travelers & Immigrants Aid
327 South LaSalle Street, Room 1400
Chicago, Illinois 60604

ON BEHALF OF SERVICE:
Samuel Der-Yeghiayan
District Counsel

John F. Hurlbut
Acting Assistant
District Counsel

Michael L. Harper
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated February 15, 1989, an immigration judge found the respondent deportable as charged under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1982), as an alien convicted of a crime involving moral turpitude committed within 5 years after entry and sentenced to confinement or confined therefor for a year or more, and ordered her deported from the United States to West Germany. The respondent has appealed from that decision. The record will be remanded to the immigration judge.

The respondent is a native and citizen of West Germany who was admitted to the United States as an immigrant on June 29, 1984. Her conviction record shows that she was convicted on December 19, 1986, in the United States District Court for the Western District of Kentucky of the crime of aiding and abetting in the assault with intent to commit a felony upon the person of a minor in violation of 18 U.S.C. § 2 (1982) and 18 U.S.C. § 113(b) (Supp. IV 1986), the crime having been committed on September 15, 1984. The respondent was sentenced to 8 years' imprisonment.

18 U.S.C. § 2 provides:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 113(b) provides for punishment of "[a]ssault with intent to commit any felony, except murder or a felony under chapter 109A, by fine of not more than $3,000 or imprisonment for not more than ten years, or both."

In determining whether a crime involves moral turpitude, it is the nature of the offense itself which determines moral turpitude. *Matter of Esfandiary*, 16 I&N Dec. 659 (BIA 1979). It is the inherent nature of the crime as defined by statute and interpreted by the courts and as limited and described by the record of conviction which determines whether the offense is one involving moral turpitude. *Okabe v. INS*, 671 F.2d 863 (5th Cir. 1982); *United States v. Neelly*, 208 F.2d 337 (7th Cir. 1953); *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974); *Matter of H-*, 7 I&N Dec. 616 (BIA 1957). The statute under which the conviction occurred controls. If it defines a crime in which turpitude necessarily inheres, then the conviction is for a crime involving moral turpitude for the purposes of the deportation statute. *United States ex rel. Guarino v. Uhl*, 107 F.2d 399 (2d Cir. 1939); *United States ex rel. Mylius v. Uhl*, 210 F. 860 (2d Cir. 1914). Only where the statute under which the respondent was convicted includes some offenses which involve moral turpitude and some which do not do we look to the record of conviction, meaning the indictment, plea, verdict, and

sentence, to determine the offense for which the respondent was convicted. *Matter of Esfandiary, supra; Matter of Ghunaim*, 15 I&N Dec. 269 (BIA 1975); *Matter of Lopez*, 13 I&N Dec. 725 (BIA 1971); *Matter of S-*, 2 I&N Dec. 353 (BIA, A.G. 1945).

In his decision, the immigration judge concluded that there existed two separate bases for determining that the respondent had been convicted of a crime of moral turpitude. He first determined that the respondent's case was controlled by *Matter of Baker, supra*, in which the Board held that an assault of another person with intent to commit a felony constitutes a crime of moral turpitude. Alternatively, the immigration judge found that even if the Board's holding in that case were not followed, the crime of which the respondent was convicted still could be viewed as one involving moral turpitude. He observed that the respondent had been convicted of aiding and abetting her husband to commit an assault upon their 3-year-old child and concluded that it was appropriate to examine the husband's felony conviction, citing *Matter of Sanchez-Marin*, 11 I&N Dec. 264 (BIA 1965), where the Board held that the crime of accessory after the fact to a felony involved moral turpitude when the principal perpetrator had been convicted of voluntary manslaughter, a crime involving moral turpitude.[1] In the case at hand, the respondent's husband had been convicted on May 22, 1985, in the United States District Court for the Western District of Kentucky of the crime of rape of a 3-year-old female on a government reservation in violation of 18 U.S.C. § 2031 (1982), and the crime of engaging in deviate sexual intercourse with a 3-year-old female on a government reservation in violation of 18 U.S.C. §§ 2 and 13 (1982), and section 510.070 of the Kentucky Revised Statutes. Accordingly, the immigration judge concluded that the respondent's conviction was for a crime involving moral turpitude.

On appeal, the respondent contends in part that *Matter of Baker, supra*, should be overruled, asserting that its holding that assault with intent to commit any felony constitutes a crime of moral turpitude, without regard to the nature of the felony involved, does not comport with past judicial and Board precedent. She points out that an assault is not necessarily viewed as a crime of moral turpitude, and that the classification of a crime as a felony also is not determinative of moral turpitude.

The Immigration and Naturalization Service contends on appeal that the immigration judge's decision should be upheld, as the issue of

---

[1] If the underlying or substantive crime involves moral turpitude, then conviction for aiding in the commission of the crime or for otherwise acting as an accessory before the fact is also a conviction for a crime involving moral turpitude. *See Matter of F-*, 6 I&N Dec. 783 (BIA 1955).

whether the respondent's crime is to be characterized as one involving moral turpitude is clearly resolved by *Matter of Baker, supra.*

After giving the matter further consideration, and in view of past precedent and the principles underlying the determination of whether a particular crime involves moral turpitude, the Board withdraws from *Matter of Baker, supra,* to the extent that it holds that an assault with intent to commit a felony is per se a crime involving moral turpitude without regard to whether the underlying felony involves moral turpitude.

Moral turpitude is a nebulous concept, which refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, contrary to the rules of morality and the duties owed between man and man, either one's fellow man or society in general. *Matter of Danesh,* 19 I&N Dec. 669 (BIA 1988); *see also Matter of Flores,* 17 I&N Dec. 225 (BIA 1980); *Matter of McNaughton,* 16 I&N Dec. 569 (BIA 1978); *Matter of Baker, supra; Matter of S-, supra; Matter of G-,* 1 I&N Dec. 73 (BIA, A.G. 1941).

Simple assault is not considered to be a crime involving moral turpitude. *United States ex rel. Zaffarano v. Corsi,* 63 F.2d 757 (2d Cir. 1933); *Ciambelli ex rel. Maranci v. Johnson,* 12 F.2d 465 (D. Mass. 1926); *Matter of Danesh, supra; Matter of Logan,* 17 I&N Dec. 367 (BIA 1980); *Matter of Baker, supra.* Additionally, the classification of a crime as a felony is not determinative of whether it constitutes a crime involving moral turpitude. *Tillinghast v. Edmead,* 31 F.2d 81 (1st Cir. 1929).

Accordingly, if a simple assault does not involve moral turpitude and the felony intended as a result of that assault also does not involve moral turpitude, then the two crimes combined do not involve moral turpitude. Moral turpitude cannot be viewed to arise from some undefined synergism by which two offenses are combined to create a crime involving moral turpitude, where each crime individually does not involve moral turpitude. There must be some particular criminal activity with which to evaluate whether the nature of that activity involves moral turpitude. As such, there must be a finding that the felony intended as a result of the assault involves moral turpitude.

This view better comports with past precedent where the Board has considered whether an assault with intent to commit a felony involved moral turpitude. In *Matter of Beato,* 10 I&N Dec. 730 (BIA 1964), the respondent had been convicted under a provision of New York penal law defining assault in the second degree to include an assault with intent to commit a felony. There, the Board determined that the respondent had been convicted of a crime involving moral turpitude, not on the basis that the assault was committed with intent to commit any felony, but on the finding, derived from the respondent's

139

conviction record, that the intended felony concerned carnal abuse and rape. In *Matter of M-*, 2 I&N Dec. 525 (BIA 1946), the Board had reviewed the same New York penal law and again found that the conviction for assault with intent to commit a felony involved a crime of moral turpitude, because the underlying intended crime involved moral turpitude, specifically abortion, which at that time constituted a felony under New York law.

The respondent further contends on appeal that the immigration judge erred in considering the conviction record of her husband, as the determination of whether the crime of which she was convicted involved moral turpitude must be confined to her own record of conviction.

The Service, analogizing the respondent's case to those involving convictions for the crime of conspiracy, contends that the immigration judge could appropriately consider the conviction record of the respondent's husband, since his record defined the underlying crime of which the respondent was convicted of aiding and abetting.

The Board agrees that the immigration judge improperly admitted as evidence and considered the conviction record of the respondent's husband. Her husband was convicted of sexual offenses against a 3-year-old child. However, it was inappropriate to consider the husband's conviction record for purposes of determining the underlying crime of which the respondent was convicted of aiding and abetting. Nowhere did the respondent's record of conviction before the immigration judge relate her crime of aiding and abetting to the specific sexual offense of which her husband was convicted, although the information upon which she was convicted did charge that it was her husband she aided and abetted. Importantly, the record reflects that the respondent was in fact initially convicted on May 23, 1985, of engaging in a sexual crime, specifically, engaging in deviate sexual intercourse with a 3-year-old female, as charged in an indictment that alleged that she perpetrated this crime with her husband. However, this conviction was overturned on appeal. Thereafter, she pled guilty to and was convicted of aiding and abetting in the assault upon the person of a minor with the intent to commit a felony. As noted above, the statute under which she was convicted specifically excluded felonies under chapter 109A of Title 18 (18 U.S.C. §§ 2241-45 (Supp. IV 1986)), which concerns sexual abuse offenses.

The immigration judge's reliance on *Matter of Sanchez-Marin, supra*, was misplaced. The Board did rule in that case that as the underlying crime of which the principals were convicted, namely voluntary manslaughter, involved moral turpitude, the respondent's conviction for the crime of accessory after the fact to manslaughter also involved moral turpitude. However, in that case, the Board was

able to look to the principals' conviction records, as we specifically found that the respondent's indictment linked him to the crime committed by the two principals. As previously stated, no linkage has been established in this case. For this reason, the Service's reference to cases involving conspiracy to commit a crime involving moral turpitude is also not pertinent, as the conspiracy charge would necessarily be linked to the underlying crime upon which the conspiracy was based. In sum, the respondent's husband's conviction record did not provide a proper basis for determining that her conviction was for a crime involving moral turpitude.

As the Board no longer holds that an assault with intent to commit any felony necessarily constitutes a crime involving moral turpitude without regard to the nature of the underlying felony, the Service has not established that the respondent was in fact convicted of a crime involving moral turpitude where it failed to establish the underlying felony that was intended. In failing to do so, the Service understandably relied on *Matter of Baker, supra.* In view of our withdrawal from the pertinent holding in that case, we will remand the record to the immigration judge in order to afford the Service an opportunity to provide further evidence from the respondent's record of conviction regarding the nature of the crime of which the respondent was convicted.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.