## MATTER OF PEREZ-CONTRERAS

### In Deportation Proceedings

#### A-35824376

*Decided by Board November 20, 1992*

(1) A conviction for assault in the third degree under section 9A.36.031(1)(f) of the Revised Code of Washington is not a firearm offense where use of a firearm is not an element of the offense.

(2) A conviction for assault in the third degree under section 9A.36.031(1)(f) of the Revised Code of Washington is not a crime involving moral turpitude where intentional or reckless conduct is excluded from the statutory definition of the crime.

(3) The Board withdraws from *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974), to the extent it holds that assault in the third degree resulting in great bodily harm is a crime involving moral turpitude without regard to the existence of intentional or reckless conduct.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2)(A)(ii) [8 U.S.C. § 1251(a)(2)(A)(ii)]—Crimes involving moral turpitude

Sec. 241(a)(2)(C) [8 U.S.C. § 1251(a)(2)(C)]—Convicted of firearms violation

ON BEHALF OF RESPONDENT:
Jay W. Stansell, Esquire
Northwest Immigrant Rights Project
909 8th Avenue
Seattle, Washington 98104

ON BEHALF OF SERVICE:
David B. Hopkins
District Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondent appeals from a decision dated August 3, 1992, in which the immigration judge found the respondent deportable and ineligible for relief from deportation and ordered him deported to Mexico.[1] The appeal will be sustained and the proceedings will be terminated. The request for oral argument is denied.

---

[1] The respondent was charged with deportability under sections 241(a)(2)(A)(ii) and (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(2)(A)(ii) and (C) (Supp. III 1991), as an alien convicted of two crimes involving moral turpitude and of a firearm violation. In the summary of his oral decision, the immigration judge did not state the

The respondent is a 21-year-old native and citizen of Mexico who entered the United States on September 15, 1985, as a lawful permanent resident.[2] On November 19, 1991, he was convicted, in the Superior Court of the State of Washington for Franklin County, of the offense of assault in the third degree in violation of section 9A.36.031(1)(f) of the Revised Code of Washington. The respondent was also convicted in the same court on January 8, 1992, of the offense of robbery in the second degree in violation of sections 9A.56.190 and 9A.56.210(1) of the Revised Code of Washington. On July 15, 1992, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) against the respondent, charging him with deportability as an alien convicted of two crimes involving moral turpitude and a firearm violation. At a hearing on August 3, 1992, the respondent, through counsel, denied deportability. The immigration judge found the respondent deportable and ordered his deportation, giving rise to the instant appeal.

The Service has first charged the respondent with deportability under section 241(a)(2)(C) of the Act, which provides for the deportability of any alien who

> at any time after entry is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying in violation of any law, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of title 18, United States Code).

The criminal information for the respondent's assault charge states that he shot the victim in the arm with a pistol "with criminal negligence." The Service alleges, and the immigration judge apparently found, that the foregoing statement establishes that the respondent was convicted of a firearm offense. We disagree.

The respondent was convicted of assault in the third degree under subsection (f) of section 9A.36.031(1) of the Revised Code of Washington, which provides as follows:

---

basis for his finding of deportability. During the hearing, he indicated that he found the respondent deportable under the firearm charge, but he did not explicitly address the moral turpitude charge. Since the immigration judge's form decision does not discuss the evidence of deportability, we find that it does not comport with the requirements of 8 C.F.R. § 242.18(a) (1992). To avoid any prejudice to the respondent, we will review the record de novo and address both charges.

[2] Contrary to the allegation in the Order to Show Cause and Notice of Hearing (Form I-221) that he entered on September 15, 1985, the respondent alleges that he first entered the United States as a lawful permanent resident in 1975 or 1976. In its brief, the Immigration and Naturalization Service states that the respondent entered as an immigrant on May 18, 1976. We need not determine the accurate date of entry for purposes of this appeal.

A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:

(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person, assaults another; or

(b) Assaults a person employed as a transit operator or driver by a public or private transit company while that person is operating or is in control of a vehicle that is owned or operated by the transit company and that is occupied by one or more passengers; or

(c) Assaults a school bus driver employed by a school district or a private company under contract for transportation services with a school district while the driver is operating or is in control of a school bus that is occupied by one or more passengers; or

(d) With criminal negligence, causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm; or

(e) Assaults a fire fighter or other employee of a fire department or fire protection district who was performing his or her official duties at the time of the assault; or

(f) With criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering; or

(g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault.

The respondent entered a plea of guilty to assault in the third degree under subsection (f) of the above-quoted statute.[3] No element of the crime to which he pled relates to the use of any weapon. Although the criminal information states that the respondent used a pistol, he was not charged with use of a pistol, nor did he plead guilty to such use.[4] He therefore cannot be considered to have been "convicted" of a firearm offense and is not deportable under section 241(a)(2)(C) of the Act.

We will next address whether the respondent's conviction for assault in the third degree constitutes a crime involving moral turpitude.[5] We have observed that moral turpitude is a nebulous

---

[3] We note that subsection (d) of the statute specifically provides for assault with the use of a weapon. The respondent was not charged under that subsection, nor was he charged with unlawful use or possession of a firearm. See Wash. Rev. Code Ann. § 9.41 (West 1992).

[4] The statement in the information is surplusage. See State v. McGary, 683 P.2d 1125 (1984) (holding that the government need not prove all statements in an information; surplus statements do not become an element of the crime); State v. Serr, 664 P.2d 1301 (1983) (noting that unnecessary statements in an information do not increase the elements that must be proved); Matter of Lethbridge, 11 I&N Dec. 444 (BIA 1965) (stating that language in indictment charging knowledge of counterfeit nature is not found in statute and is therefore apparently surplusage).

[5] The respondent does not contest that his robbery conviction involves moral turpitude.

concept, which refers generally to conduct that shocks the public conscience as being inherently base, vile, or depraved, contrary to the rules of morality and the duties owed between man and man, either one's fellow man or society in general. *See generally Matter of Short,* 20 I&N Dec. 136 (BIA 1989), and cases cited therein. Assault may or may not involve moral turpitude. *Matter of Danesh,* 19 I&N Dec. 669 (BIA 1988). Simple assault is generally not considered to be a crime involving moral turpitude. *Matter of Short, supra.*

In determining whether a crime involves moral turpitude, we consider whether the act is accompanied by a vicious motive or corrupt mind. *Okabe v. INS,* 671 F.2d 863 (5th Cir. 1982); *Winestock v. INS,* 576 F.2d 234 (9th Cir. 1978); *Hirsch v. INS,* 308 F.2d 562 (9th Cir. 1962); *United States ex rel. Meyer v. Day,* 54 F.2d 336, 337 (2d Cir. 1931); *United States ex rel. Shladzien v. Warden of Eastern State Penitentiary,* 45 F.2d 204, 205-06 (E.D. Pa. 1930); *Matter of Balao,* 20 I&N Dec. 440 (BIA 1992); *Matter of Flores,* 17 I&N Dec. 225 (BIA 1980). Where knowing or intentional conduct is an element of an offense, we have found moral turpitude to be present. *Matter of Danesh, supra.* However, where the required mens rea may not be determined from the statute, moral turpitude does not inhere. *See Ciambelli ex rel. Maranci v. Johnson,* 12 F.2d 465 (D. Mass. 1926) (holding that assault and battery upon a police officer does not involve moral turpitude where intent is not charged); *Matter of Lopez,* 13 I&N Dec. 725, 726-27 (BIA 1971) (finding no moral turpitude where statute does not distinguish between voluntary and involuntary manslaughter and indictment does not reveal intent); *Matter of Espinosa,* 10 I&N Dec. 98 (BIA 1962) (finding no moral turpitude where statute did not distinguish between the offenses of making a false, as opposed to a fraudulent, statement based on mens rea).

In two cases, we have found moral turpitude present in criminally reckless conduct. *Matter of Wojtkow,* 18 I&N Dec. 111 (BIA 1981) (defining reckless conduct as the awareness of and conscious disregard of a substantial and unjustifiable risk); *Matter of Medina,* 15 I&N Dec. 611 (BIA 1976), *aff'd,* 547 F.2d 1171 (7th Cir. 1977) (defining reckless conduct as the conscious disregard of a substantial and unjustifiable risk). While reckless conduct may not evince an intent to cause a particular harm, it does reflect a willingness to disregard the risks inherent in the conduct. *Matter of Medina, supra,* at 614.

The respondent was convicted of causing injury to his victim "with criminal negligence." Criminal negligence exists when the perpetrator "fails to be aware of a substantial risk that a wrongful act may occur and his failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable man would exercise in the same situation." Wash. Rev. Code Ann.

§ 9A.08.010(1)(d) (West 1992). *Compare* Wash. Rev. Code Ann. § 9A.08.010(1)(d) (West 1992) (defining negligent mens rea) *with* Wash. Rev. Code Ann. § 9A.08.010(1)(c) (West 1992) (defining reckless conduct) *and Matter of Danesh, supra* (holding that aggravated assault on a peace officer is morally turpitudinous where the assault was committed "knowingly and intentionally"); *and Matter of Medina, supra* (defining reckless conduct). Intentional conduct is specifically excluded from this section. *State v. Sample,* 757 P.2d 539 (1988) (stating that simple assault is not a lesser included offense of assault in the third degree because simple assault requires proof of intent, whereas assault in the third degree does not). Moreover, the conscious disregard of a substantial and unjustifiable risk is not required. *See Matter of Wojtkow, supra; Matter of Medina, supra.*

Since there was no intent required for conviction, nor any conscious disregard of a substantial and unjustifiable risk, we find no moral turpitude inherent in the statute. *See United States ex rel. Mongiovi v. Karnuth,* 30 F.2d 825 (W.D.N.Y. 1929) (holding that manslaughter in the second degree does not involve moral turpitude since no evil intent was involved); *United States ex rel. Mylius v. Uhl,* 203 F. 152, 154 (S.D.N.Y. 1913) (ruling that libel is not morally turpitudinous where conduct is negligent because no moral baseness was shown); *Matter of Szegedi,* 10 I&N Dec. 28, 34 (BIA 1962) (finding that involuntary manslaughter resulting from grossly negligent conduct does not involve moral turpitude because the intent element is not present); *Matter of J-,* 4 I&N Dec. 512 (BIA 1951) (holding that aggravated assault does not involve moral turpitude because specific intent must accompany act); *Matter of M-,* 2 I&N Dec. 686, 691 (BIA 1946) (finding that conduct proscribed by statute that does not require intent is not morally turpitudinous).

The Service cites *Matter of Baker,* 15 I&N Dec. 50 (BIA 1974), *modified, Matter of Short, supra,* in support of its contention that the respondent's conviction involves moral turpitude.[6] The Virgin Islands statute at issue in *Matter of Baker* proscribed assault where serious injury resulted, without specifying intent. We found that the provision involved moral turpitude because of the injury caused and because assault in the third degree was more serious than simple assault. The holding was criticized by two Board members in dissenting opinions. To the extent that *Matter of Baker* holds that any assault resulting in great bodily harm involves moral turpitude, without regard to the existence of intentional conduct or the conscious disregard of a

---

[6] In *Matter of Short,* the Board withdrew from *Matter of Baker* to the extent that it holds that assault with intent to commit a felony constitutes a crime involving moral turpitude without regard to the nature of the underlying felony.

substantial and unjustifiable risk, it is inconsistent with other Board and judicial caselaw and we herein withdraw from it. *See United States ex rel. Mongiovi v. Karnuth, supra; Matter of Lopez, supra; Matter of Szegedi, supra.*

Accordingly, we conclude that the respondent's conviction for assault in the third degree does not involve moral turpitude under the facts of this case. The Service has failed to establish deportability under either of the grounds charged, and the proceedings will therefore be terminated.

**ORDER:** The appeal is sustained and the deportation proceedings are hereby terminated.