RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0010p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GOTTFRIED KELLERMANN,

                *Petitioner,*

            *v.*

ERIC H. HOLDER, JR., Attorney General,

                *Respondent.*

No. 08-3927

On Petition for Review from a Decision of the
Board of Immigration Appeals.
No. A 19 865 749.

Argued: July 30, 2009

Decided and Filed: January 25, 2010

Before: NORRIS and COLE, Circuit Judges; ADAMS, District Judge.*

_____

## COUNSEL

**ARGUED:** Cynthia A. Moyer, FREDRIKSON & BYRON, P.A., Minneapolis, Minnesota, for Petitioner. Sunah Lee, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Cynthia A. Moyer, Sarah C.S. McLaren, FREDRIKSON & BYRON, P.A., Minneapolis, Minnesota, for Petitioner. Sunah Lee, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

JOHN R. ADAMS, District Judge. Petitioner Gottfried Kellermann ("petitioner" or "Dr. Kellermann"), a 68-year-old native and citizen of Germany, petitions for review

_____

    *The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

of a final order of removal of the Board of Immigration Appeals ("the BIA" or "the Board").

I.

The petitioner has resided in the United States since 1972. In 1975, he became a lawful permanent resident. In 1992, he was convicted of making false statements to an agency of the United States and conspiracy to defraud the United States in violation of 18 U.S.C. §§ 371 and 1001. In March 2003, he was charged with being inadmissible under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA" or "the Act"), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien convicted of a crime involving moral turpitude ("CIMT"). A final order of removal was entered on July10, 2008. The BIA affirmed the Immigration Judge's ("IJ") determination that the petitioner is removable and denied him a cancellation of removal.

Dr. Kellermann requests that the court grant his petition and vacate the order of removal. Alternatively, the petitioner requests that the court grant the petition and remand this case to the BIA with instructions that: (1) the petitioner be afforded the opportunity to seek a waiver of inadmissibility under INA § 212(c), 8 U.S.C. § 1182(c) (1994), and (2) the petitioner be permitted to pursue a claim for cancellation of removal under INA § 240A(a).

Dr. Kellermann has a master's degree in philosophy and Ph.D. in biochemistry.

Petitioner was convicted by a jury in the United States District Court for the District of Minnesota of making false statements to an agency of the United States and conspiracy for failure to provide accurate financial records in connection with a grant he received from the government. The convictions were affirmed. *U.S. v. Kellermann*, 992 F.2d 177 (8th Cir. 1993). Other than these convictions, the petitioner has no other criminal history.

Petitioner alleges that he consulted an attorney regarding the immigration consequences of his conviction and decided not to appeal to the Supreme Court of the United States based on the advice he received. Dr. Kellermann was advised that, while

his conviction subjected him to exclusion from the United States, he was eligible to pursue a waiver of inadmissibility.

Petitioner challenged the charge that his conviction was a CIMT and filed applications for cancellation of removal and a waiver of inadmissibility under former INA § 212(c).  After a hearing, the IJ issued a written decision denying the applications on December 5, 2006.  Consequently, the IJ ordered Dr. Kellermann removed to Germany.

The IJ found that the petitioner did not demonstrate that his crime was not a CIMT:

> The indictment charges respondent of making and conspiring to make a "false, fictitious, *and* fraudulent material statement" using the conjunctive; therefore, respondent was charged with fraud.  *See* Exhibit 2, at 3, 12 (emphasis added).  Furthermore, the conduct alleged in the indictment constitutes fraud.  The indictment alleges that respondent submitted a financial status report for the government grant knowing that its contents were false.  The indictment also alleges respondent knowingly conspired to submit the false financial status report or to defraud the United States.  Both of these counts involve material misrepresentations made with knowledge of their falsity and with the intent to deceive the United States Government.

The IJ also ruled that the petitioner was statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) since his fraud conviction fell within the "aggravated felony" definition. *See* INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i).  Furthermore, the IJ determined that the petitioner was not eligible for a waiver under former INA § 212(c) and *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), because he did not enter a guilty plea, but was convicted by a jury.

On July 10, 2008, the BIA dismissed the appeal of the IJ's order of removal.  The BIA found the petitioner removable under INA § 212(a)(2)(A)(i)(I), and denied his applications for cancellation of removal and relief under INA § 212(c).  The Board determined that "[t]he fraud aspect of [Dr. Kellermann's] conviction is also outlined in the Indictment at pages 3 and 12."  Citing the discussion of jury instructions in

*Kellermann*, the BIA also concluded that, "[e]ven considering jury instructions as part of the record of conviction, the conviction involves moral turpitude."

This petition for review followed.

II.

Petitioner challenges the ruling by the BIA that his conviction was for a CIMT. In addition, he argues that the BIA erred as a matter of law in determining that he was ineligible to seek a waiver of inadmissibility under the former INA § 212(c). He also challenges the finding that he was convicted of an aggravated felony and, therefore, is ineligible for cancellation of removal.

A. *Standard of Review*

The court's review is limited to the Decision of the BIA because it did not adopt the Decision and Order of the IJ. *Hazime v. I.N.S.*, 17 F.3d 136, 140 (6th Cir. 1994) ("judicial review is specifically limited to the decision of the BIA").

If, as the BIA held, the petitioner is removable for having committed a CIMT, then the court generally lacks jurisdiction to review his deportation order. *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); *Sosa-Martinez v. U.S. Atty. Gen.*, 420 F.3d 1338, 1341 (11th Cir. 2005).

An alien is inadmissible if he has been convicted of a CIMT, or an attempt or conspiracy to commit such a crime. *See* INA § 212(a)(2)(A)(i)(I). We generally accord *Chevron* deference to the BIA's decisions construing ambiguous statutory terms in the INA, and we must uphold the BIA's construction unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984); *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006); *Ali v. Mukasey*, 521 F.3d 737, 739 (7th Cir. 2008) (the BIA's interpretation of the term "CIMT" is entitled to *Chevron* deference), *cert. denied*, 129 S.Ct. 2853 (2009). However, we review *de novo* whether the elements of a federal crime fit the BIA's definition of a CIMT. *Smalley v. Ashcroft*, 354 F.3d 332, 336 (5th Cir. 2003).

B. *Petitioner's Convictions were for CIMT*

The dispositive question in this case is whether the petitioner's crimes necessarily involved moral turpitude, and therefore properly serve as the basis for his removability. The exact definition of "'moral turpitude' . . . has never been fully settled," but it "refers generally to conduct that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Singh v. Holder*, 321 F. App'x 473, 477 (6th Cir. 2009) (quoting *Matter of Torres-Varela*, 23 I. & N. Dec. 78, 83 (BIA 2001). "Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude." *See Matter of Ajami*, 22 I. & N. Dec. 949, 950 (BIA 1999). "Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind." *Id.*

Any crime which involves intent to defraud as one of its elements is a CIMT. *Squires v. I.N.S.*, 689 F.2d 1276, 1278 n. 3 (6th Cir. 1982). In ascertaining whether a crime is a CIMT,

> we must first examine the statute itself to determine whether the inherent nature of the crime involves moral turpitude. If the statute defines a crime in which moral turpitude necessarily inheres, then the conviction is for a crime involving moral turpitude for immigration purposes, and our analysis ends. However, if the statute contains some offenses which involve moral turpitude and others which do not, it is to be treated as a "divisible" statute, and we look to the record of conviction, meaning the indictment, plea, verdict, and sentence, to determine the offense of which the respondent was convicted.

*See Ajami*, 22 I. & N. Dec. at 950 (citations omitted); *see also Jaadan v. Gonzales*, 211 F. App'x 422, 426-27 (6th Cir. 2006).

Petitioner was convicted of violating 18 U.S.C. §§ 371 and 1001. Section 1001 criminalizes making a false statement to a government agency, and section 371 criminalizes conspiracy to make a false statement. Section 371 provided in relevant part:

If two or more persons conspire either to commit any offense against the United States, *or* to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more that $10,000 or imprisoned not more than five years, or both.

\* \* \* \*

18 U.S.C. § 371 (1992) (emphasis added).

Section 1001 defined the crime of making false statements to an agency of the United States as follows:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious, *or* fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious *or* fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1001 (1992) (emphasis added). The statute uses the disjunctive "or," allowing an individual to be convicted of making any one of the listed types of statements.

As the BIA noted, this court has determined that a conviction under 18 U.S.C. § 1001 is a CIMT. In *Kabongo v. I.N.S.*, 837 F.2d 753 (6th Cir. 1988), the court held that convictions for making false statements in violation of § 1001 and obtaining student loan funds by fraud and false statements in violation of 20 U.S.C. § 1097(a) involved moral turpitude. *Id.* at 758; *see also Ghani v. Holder*, 557 F.3d 836, 841 (7th Cir. 2009) (a violation of § 1001 is a CIMT as that term is used in the INA). Furthermore, this court has held that making a false statement is a CIMT where materiality and knowledge are shown. *Zaitona v. I.N.S.*, 9 F.3d 432, 437 (6th Cir. 1993).

Petitioner argues that he may have been convicted only of conspiracy to make a false statement under 18 U.S.C. § 371 and making a false statement under 18 U.S.C. § 1001, which crimes do not involve moral turpitude. *Matter of B-M-*, 6 I. & N. Dec. 806, 809 (BIA 1955) (a conviction for a false statement under 18 U.S.C. § 1001 is not

a CIMT). According to the petitioner, since the jury could have rendered a guilty verdict without finding that Dr. Kellermann committed fraud, his convictions cannot be deemed to qualify as CIMTs based on this record.

Petitioner contends that because 18 U.S.C. § 1001 contains some offenses that constitute a CIMT (making fraudulent statements) and others that do not (making false statements), the statute is divisible, and the court should look to the record of conviction to determine the offense of which the petitioner was convicted. Under the "categorical approach," first articulated by the Supreme Court in *Taylor v. U.S.*, 495 U.S. 575 (1990), this court must first look to "the inherent nature of the crime[s] as defined by statute and interpreted by the courts and as limited and described by the record of conviction" to determine whether the offenses are ones involving moral turpitude for the purposes of the deportation statute. *Matter of Short*, 20 I. & N. Dec. 136, 137 (BIA 1989).

If there is no categorical match, and the court finds that the statute of conviction criminalizes both conduct that does and does not qualify as a CIMT, then the court should apply a more modified approach. *See i.d.*; *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 690 (A.G. 2008); *see also United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006); *contra Jean-Louis v. Att'y Gen.*, 582 F.3d 462, 470-73 (3d Cir. 2009) (concluding that "deference is not owed to *Silva-Trevino's* novel approach" due to the fact that "it is bottomed on an impermissible reading" of the INA). Under this analysis, deemed the "modified categorical approach" by some courts, the court conducts a limited examination of documents in the record to determine whether the particular offense for which the alien was convicted constitutes a CIMT. *See Matter of Short*, 20 I. & N. Dec. at 137-38.

The indictment clearly shows that the petitioner was convicted of crimes that contained the element of fraud. Page 3 of the indictment, which discusses count one, states that the petitioner "did unlawfully, willfully, and knowingly conspire . . . to knowingly and willfully make false, fictitious, *and* fraudulent statements or representations concerning a material fact within the jurisdiction of a department or an agency of the United States, and in particular to [the United States Agency for

International Development] for the purpose of obtaining grant funds, in violation of Title 18, United States Code, Section 1001," and "to *defraud* the United States . . . in violation of Title 18, United States Code, section 371." (Emphasis added.)  Thus, it is clear from those charges, set forth in the conjunctive, that the petitioner was convicted of conspiring to act fraudulently.  *See* INA § 212(a)(2)(A)(i)(I) (alien who is convicted of conspiring to commit a CIMT is inadmissible).

Furthermore, page 12 of the indictment, which discusses count two, states that the petitioner "knowingly and willfully made and caused to be made a false, fictitious, *and* fraudulent material statement and representation . . . in violation of Title 18, United States Code, Section 1001" (emphasis added).  This charge, similarly listed in conjunctive language, also proves the fraudulent aspect of Dr. Kellermann's actions. Thus, we hold that the Board correctly dismissed the appeal because the petitioner was removable for having been convicted of a CIMT.

We hold that the BIA properly determined that petitioner's convictions for making a false, fictitious, or fraudulent statement to a governmental agency and for conspiracy to defraud the United States or commit the offense of making a false, fictitious, or fraudulent statement to a governmental agency constitute CIMT under INA § 212(a)(2)(A)(i)(I).

C.  *The BIA Did Not Err in Determining that the Petitioner was Ineligible to Seek a Waiver of Inadmissibility Under Former INA § 212(c)*

At the time of his conviction in 1992, the petitioner remained eligible to apply for a § 212(c) waiver of inadmissibility.  Petitioner argues that continued eligibility for relief under former INA § 212(c) is not limited solely to aliens who entered a plea of guilty in reliance on the availability of a § 212(c) waiver.

Section 212(c), before it was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104-208, 110 Stat. 3009 (1996), allowed the Attorney General to readmit to the United States an otherwise inadmissible permanent resident alien under certain conditions, but did not allow the

Attorney General to admit such an alien if he had been convicted of one or more aggravated felonies and had served a term of imprisonment of at least 5 years.

In place of § 212(c) relief, Congress enacted INA § 240A, which consolidates the relief formerly known as "suspension of deportation," *see* 8 U.S.C. § 1254(a) (1994), with provisions of the former § 212(c) to create a new form of relief called "cancellation of removal." 8 U.S.C. § 1229b. Cancellation of removal allows the Attorney General to cancel removal proceedings for certain resident aliens. Cancellation, like former § 212(c) relief both before and after the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA") amendments, is not available to aliens whose criminal convictions qualify as aggravated felonies. *See* IIRIRA § 304(a).

In *St. Cyr*, *supra*, the Supreme Court held that INA § 212(c) relief "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326; *see also Thaqi. v. Jenifer*, 377 F.3d 500, 504 n. 2 (6th Cir. 2004) (*St. Cyr* does not require a demonstration of actual reliance on the immigration laws). The Supreme Court stated:

> Plea agreements involve a *quid pro quo* between a criminal defendant and the government. *See Newton v. Ramiro*, 480 U.S. 386, 393, n. 3, 107 S.C. 1187, 94 LED.2d 405 (1987). In exchange for some perceived benefit, defendants waive several of their constitutional rights (including the right to a trial) and grant the government numerous "tangible benefits, such as promptly imposed punishment without the expenditure of prosecutorial resources."

*St. Cyr*, 533 U.S. at 321-22.

In *Atkinson v. Att'y Gen.*, 479 F.3d 222, 230 (3d Cir. 2007), the Third Circuit extended the holding of *St. Cyr* to aliens who, prior to the repeal of § 212(c), were convicted (after trial) of an aggravated felony that would not have rendered them ineligible for § 212(c) relief. The Second, Fifth, Eighth, and Tenth Circuits have also concluded that the repeal of § 212(c) cannot be applied retroactively to aliens whose

convictions resulted from a jury trial and not from a plea of guilty. *See Lovan v. Holder*, 574 F.3d 990, 993 (8th Cir. 2009) (followed the decision of the Third Circuit in *Atkinson*); *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 209-10 (5th Cir. 2007) (petitioner has established a reasonable ''reliance interest'' in the future availability of § 212(c) relief where she can demonstrate on remand to the BIA that she affirmatively decided to postpone her application to increase her likelihood of relief); *Wilson v. Gonzales*, 471 F.3d 111, 122 (2d Cir. 2006) (case remanded to the BIA where petitioner must make an individualized showing of reliance on the continued availability of § 212(c) relief); *Hem v. Maurer*, 458 F.3d 1185, 1199-1201 (10th Cir. 2006) (retroactive application of provision of IIRIRA was impermissible in case of alien who proceeded to trial rather than pleading guilty).

Respondent counters that seven circuit courts have held that aliens who proceeded to trial are not entitled to apply for relief under former § 212(c) after its repeal. *See Dias v. I.N.S.*, 311 F.3d 456, 457-58 (1st Cir. 2002), *cert. denied*, 539 U.S. 926 (2003), *Rankine v. Reno*, 319 F.3d 93, 97-102 (2d Cir.), *cert. denied*, 540 U.S. 910 (2003); *Chambers v. Reno*, 307 F.3d 284, 290-293 (4th Cir. 2002); *Hernandez-Castillo v. Moore*, 436 F.3d 516 (5th Cir.), *cert. denied*, 549 U.S. 810 (2006); *Montenegro v. Ashcroft*, 355 F.3d 1035, 1036-37 (7th Cir. 2004) (per curiam); *Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121 (9th Cir. 2002), *cert. denied*, 539 U.S. 902 (2003); *Brooks v. Ashcroft*, 283 F.3d 1268, 1273-1274 (11th Cir. 2002) (addressed only constitutional challenges).

In *Ferguson v. Att'y Gen.*, 563 F.3d 1254 (11th Cir. 2009), *petition for cert. filed*, 78 U.S.L.W. 3107 (Aug. 28, 2009) (No. 09-263), the Eleventh Circuit addressed the question whether "IIRIRA's repeal of the INA's § 212(c) waiver provision ha[s] an impermissible retroactive effect on aliens, like Sandra Ferguson, who were convicted of deportable criminal offenses before IIRIRA's effective date?" *Id.* at 1256 (footnotes omitted). The court denied the petition for relief and held:

> that reliance is a component of the retroactivity analysis as it applies to aliens, deportable for criminal offenses, who wish to show that IIRIRA's repeal of § 212(c) has an impermissible retroactive effect. Here,

Ferguson did not plead guilty but was convicted by a jury. And aside from her decision to go to trial, she points to no other "transactions" or "considerations already past" on which she relied. Joining the majority of circuits, we decline to extend *St. Cyr* to aliens who were convicted after a trial because such aliens' decisions to go to trial do not satisfy *St. Cyr's* reliance requirement. Therefore, § 212(c) relief is not available to such aliens. *See Hernandez-Castillo*, 436 F.3d at 520; *Montenegro*, 355 F.3d at 1037; *Rankine*, 319 F.3d at 102; *Chambers*, 307 F.3d at 290-93; *Dias*, 311 F.3d at 458; *see also* [*Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1131 (9th Cir. 2007), *cert. denied*, 128 S.Ct. 2499 (2008)]; *Armendariz-Montoya*, 291 F.3d at 1121.

*Id.* at 1271.

We conclude that IIRIRA's repeal of § 212(c) does not have an impermissible retroactive effect on Dr. Kellermann because, in choosing to proceed to trial, he did not abandon any rights or admit guilt in reliance on continued eligibility for § 212(c) relief. We decline to adopt the Third Circuit's approach in this case. Rather, we find the reasoning of the majority of circuits persuasive and now join them in declining to extend *St. Cyr*, to aliens, like the petitioner, who, prior to the repeal of § 212(c), were convicted after a trial. Therefore, we find that Dr. Kellermann is ineligible to seek a waiver of inadmissibility under former INA § 212(c) because he was convicted by a jury.

D.  *Petitioner was Convicted of an Aggravated Felony and Therefore is Ineligible for Cancellation of Removal*

An "aggravated felony" includes "an offense that . . . involves fraud or deceit in which the loss to the . . . victims exceeds $10,000." INA § 101(a)(43)(M)(i).

Petitioner argues that his conviction is not an aggravated felony because the amount of loss was not an element of the crime and, as a result, the jury did not make a finding on the amount of loss. Given the June 15, 2009, decision of the Supreme Court in *Nijhawan v. Holder*, 129 S.Ct. 2294 (2009), we hold that this argument lacks merit. In *Nijhawan*, the petitioner's removal from the United States based on his commission of an "aggravated felony" was affirmed. The Supreme Court held the $10,000 threshold in 8 U.S.C. § 1101(a)(43)(M)(i) refers to the particular circumstances in which an

offender committed a fraud or deceit crime on a particular occasion, rather than to an element of the fraud or deceit crime.  *Id.* at 2298.

We hold that the petitioner's convictions under 18 U.S.C. §§ 371 and 1001 constituted aggravated felonies as defined at INA § 101(a)(43)(M)(i), rendering Dr. Kellermann ineligible for cancellation of removal.

III.

For these reasons, we DENY the petition for review.