**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 13a0830n.06

No. 12-4101

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
***Sep 13, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YAMIN IMRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and KETHLEDGE, Circuit Judges.

PER CURIAM. Yamin Imran, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision finding him removable as charged and denying his motion to terminate removal proceedings.

Imran was admitted to the United States as a lawful permanent resident on February 23, 2004. In 2006, a federal grand jury in the United States District Court for the Northern District of Ohio charged that, on or about August 4, 2005, Imran "did knowingly and willfully make materially false, fraudulent, and fictitious statements and representations" to a special agent of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2). (A.R. 236). Imran pled guilty to the offense and was sentenced to one year of probation.

The Department of Homeland Security subsequently initiated removal proceedings against Imran by serving him with a notice to appear, charging him with removability under section

237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude (CIMT) committed within five years after his admission, for which a sentence of one year or longer may be imposed. Appearing before an IJ, Imran admitted the factual allegations in the notice to appear but denied the charge of removability. After briefing by the parties, the IJ found Imran removable as charged, denied his motion to terminate the removal proceedings, and granted his request for voluntary departure. Imran filed an appeal from the IJ's decision, which the BIA dismissed.

In support of his petition for review, Imran contends that the BIA erred in affirming the IJ's finding that his conviction under 18 U.S.C. § 1001(a)(2) constitutes a CIMT. "[W]e review *de novo* whether the elements of a federal crime fit the BIA's definition of a CIMT." *Kellermann v. Holder*, 592 F.3d 700, 703 (6th Cir. 2010). "Any crime which involves intent to defraud as one of its elements is a CIMT." *Id*.

Imran asserts that 18 U.S.C. § 1001(a)(2), which prohibits the making of "any materially false, fictitious, or fraudulent statement or representation," is written in the disjunctive and prohibits conduct both involving and not involving moral turpitude. The BIA did not challenge Imran's argument that the making of a fictitious statement was not a crime of moral turpitude. Instead, the BIA looked to this court's *Kellermann* decision and concluded that because Imran's indictment charged him in the conjunctive with making "materially false, fraudulent, *and* fictitious statements and representations," Imran was convicted of a crime containing an element of fraud, rendering him removable as an alien convicted of a CIMT. *See Kellermann*, 592 F.3d at 704 05.

The record here does not permit us to conclude whether Imran pled guilty to the indictment as charged or whether at the change of plea hearing he admitted only to having made a fictitious

statement. But the omission is irrelevant. Violation of 18 U.S.C. § 1001(a)(2) requires that the defendant act willfully and knowingly. Making a fictitious statement to a government agency knowing that it is fictitious involves no less moral turpitude than making a false statement to a government agency knowing that it is false. As we concluded in *Zaitona v. INS*, 9 F.3d 432, 437 (6th Cir. 1993), "the crime of making false statements is a crime of moral turpitude when the elements of materiality and knowledge are shown." Because both knowledge and materiality are essential elements of § 1001(a)(2), Imran's guilty plea necessarily establishes the presence of both.

*Kellermann* is not to the contrary. *Kellermann* does not purport to overrule *Zaitona*, which it cites, and indeed could not do so. *See Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) (stating that under Sixth Circuit custom and rules, a panel's published opinion is binding on subsequent panels unless an intervening Supreme Court decision requires modification of the prior panel decision or the *en banc* court overrules that prior decision). In *Kellermann* the court dealt with violations of both 18 U.S.C. §§ 371 and 1001 and initially found that the indictment's allegation that Kellermann's purpose was to defraud the United States, stated conjunctively with his purpose to obtain grant funds, established that Kellermann was convicted of conspiring to act fraudulently. 592 F.3d at 705. Building upon that conclusion, the *Kellermann* court then found that the conjunctive language in § 1001 of the indictment supported a conclusion that Kellermann acted fraudulently. *Id.* The court in *Kellermann* thus sidestepped and did not address the precise issue with which we deal here because it discerned Kellermann's fraudulent intent from the interplay of the conspiracy and false statement charges.

Accordingly, we deny Imran's petition for review.