**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1024
_____

AMAR K. BALKARAN, AKA Amar Kumar Balkaran, AKA Amar Balkaran

Amar K. Balkaran,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-539-788)
Immigration Judge:  Honorable Dorothy Harbeck

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2014

Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: May 20, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se petitioner Amar Balkaran seeks review of a final order of removal issued by

the Board of Immigration Appeals (BIA).  For the reasons detailed below, we will

dismiss the petition for review in part and deny it in part.

Balkaran is a citizen of Guyana. He entered the United States in 1996, and later became a lawful permanent resident. However, he was subsequently convicted of several criminal offenses — most importantly, conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Based on this conviction, the Department of Homeland Security charged him with being removable as an alien who had been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a crime involving moral turpitude, see § 1227(a)(2)(A)(i). Balkaran, through counsel, conceded removability. Further, while he had initially applied for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT), at the hearing before the Immigration Judge (IJ), he stipulated that he was not eligible for asylum or withholding of removal, and thus pursued only the CAT claim. Balkaran alleged that in Guyana, due to his homosexuality, he had been expelled from school, beaten, arrested, and sexually assaulted, and that he feared that he would be tortured if he returned.

The IJ denied Balkaran's application. The IJ concluded, first, that Balkaran had not testified credibly about his experiences in Guyana. Further, the IJ ruled that the country-conditions evidence that Balkaran provided did not establish that it was more likely than not that he would be tortured in Guyana. Balkaran then appealed to the BIA, which dismissed his appeal. The BIA observed that while Balkaran (now proceeding pro se) attempted to argue that he was entitled to withholding of removal, he was bound by his prior counsel's admission that he was not eligible for that relief. The BIA next upheld

2

the IJ's adverse-credibility determination. Finally, the BIA agreed with the IJ that Balkaran had failed to show that he was entitled to CAT relief, holding that "mere speculation about the potential dangers that may await an alien in the country of removal will not support a claim under the CAT." Balkaran then filed a timely petition for review in this Court.

The contours of our jurisdiction over this case depend on the correctness of the BIA's conclusion that Balkaran's federal offense qualifies as an aggravated felony. Balkaran does not challenge this aspect of the BIA's opinion, see Br. at 8 ("petitioner's conviction satisfied the relevant definition of aggravated felony"), but because we have an independent obligation to examine our jurisdiction, see Shehu v. Att'y Gen., 482 F.3d 652, 655 (3d Cir. 2007), we must address this issue notwithstanding Balkaran's concession.

The BIA ruled that Balkaran's offense was an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), which includes within that category "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." We agree with the BIA's determination. The statute under which Balkaran was convicted, 18 U.S.C. § 371, is a divisible statute, so we may use the modified categorical approach. See generally United States v. Marrero, 743 F.3d 389, 396 (3d Cir. 2014). That approach permits us to consider the criminal judgment, see Singh v. Att'y Gen., 677 F.3d 503, 512 (3d Cir. 2012), which reveals that Balkaran was convicted under the part of § 371 that criminalizes conspiracy "to defraud the United States." This offense involves fraud or

3

deceit. See Nijhawan v. Att'y Gen., 523 F.3d 387, 390-91 (3d Cir. 2008), aff'd sub nom. Nijhawan v. Holder, 557 U.S. 29 (2009). Further, the criminal judgment states that the loss caused by the fraud was nearly $1.5 million, which is sufficient to establish the requisite loss amount. See id. at 395. Thus, the crime qualifies as an aggravated felony, see Kellermann v. Holder, 592 F.3d 700, 707 (6th Cir. 2010) (so holding), and our jurisdiction is consequently limited to review of constitutional claims and questions of law, see 8 U.S.C. § 1252(a)(2)(C), (D).

Turning to the substance of the case, we observe that Balkaran's brief consists largely of lengthy and unattributed reproductions of decisions by various courts of appeals that have little relevance to his case. Cf. Fed. R. App. P. 28(a)(8)(A) (requiring briefs to contain "citations to the authorities"). For instance, Balkaran spends seven pages of his brief copying, nearly verbatim, passages from Carcamo-Flores v. I.N.S., 805 F.2d 60 (2d Cir. 1986), that discuss, among other things, the standards governing withholding of removal. This discussion, however, skirts the key issue here. Before the IJ, Balkaran's attorney stipulated that Balkaran was ineligible for withholding of removal, and the BIA concluded that Balkaran was bound by that stipulation. Balkaran has made no effort to challenge this aspect of the BIA's decision, and we discern no error. See Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 438 (8th Cir. 2008) (denying petition for review in similar circumstances); see also Hoodho v. Holder, 558 F.3d 184, 191 (2d Cir. 2009) ("Facts admitted by a party are judicial admissions that bind that party throughout the litigation." (quotation marks, alternations omitted)). Thus, to the extent

4

that Balkaran seeks review of the BIA's refusal to consider his withholding-of-removal claim on the merits, we will deny his petition.

Further, as noted above, the BIA concluded that Balkaran was not credible. Balkaran has not contested that ruling in any way. Therefore, he has waived any argument regarding the BIA's credibility determination. See Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012).

Balkaran does argue, albeit without providing any meaningful discussion, that the BIA erred in denying his CAT claim. The BIA concluded that Balkaran's CAT claim failed because "mere speculation about the potential dangers that may await an alien in the country of removal will not support a claim under the CAT." This is a factual decision — that is, that Balkaran failed to establish that the torture he feared was more likely than not to occur — that we lack jurisdiction to review. See Roye v. Att'y Gen., 693 F.3d 333, 343 n.12 (3d Cir. 2012); Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). Accordingly, we will dismiss the petition for review to the extent that it challenges this aspect of the BIA's decision.

Balkaran also seems to argue (this time borrowing heavily from Huynh v. Holder, 321 F. App'x 649 (9th Cir. 2009)) that a conviction under § 371 does not qualify as a crime involving moral turpitude. That issue, however, at least insofar as Balkaran raises it to challenge the agency's removability determination,[1] is not properly before us:

---

[1] It is true that our jurisdiction to review a final order of the BIA is restricted when an alien is removable by virtue of a conviction for moral turpitude, Alaka v. Att'y Gen., 456

because Balkaran did not challenge that ruling (or his attorney's concession underlying it) before the BIA, we lack jurisdiction to review it, <u>see</u> § 1252(d)(1), and we will dismiss the petition for review to the extent that it presses this claim.

Finally, Balkaran argues (in a claim that is directly contradicted by his criminal judgment) that "there is no evidentiary basis to conclude that respondent pleaded to an offense involving a crime listed in the title or section 18 U.S.C. § 371." However, he also failed to raise this issue before the BIA; we therefore lack jurisdiction to consider it, <u>see</u> <u>Lin v. Att'y Gen.</u>, 543 F.3d 114, 120-21 & n.6 (3d Cir. 2008), and will dismiss the petition for review in this respect.

Accordingly, we will dismiss Balkaran's petition for review in part and deny it in part.

---

F.3d 88, 94 (3d Cir. 2006), and, as noted above, we retain jurisdiction to consider our own jurisdiction. However, given our conclusion that Balkaran's conviction qualifies as an aggravated felony, we need not reach this issue. <u>See</u> <u>INS v. Bagamasbad</u>, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").