**Diana Rashidovna SELLERS, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–3149.**

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2015.

BEFORE: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.

Petitioner Diana Rashidovna Sellers, a Russian national and citizen, entered the United States on a non-immigrant visitor's visa. Based on her marriage to a United States citizen, her status was adjusted to lawful permanent resident on a conditional basis. She was subsequently charged with marriage fraud and making false statements, and she pleaded guilty to making false statements or representations in violation of 18 U.S.C. § 1001(a)(2). Her conditional resident status was terminated as a result of her conviction.

The government then charged Sellers with several grounds for removability under the Immigration and Nationality Act (INA). The immigration judge found Sellers removable for a crime involving moral turpitude under 8 U.S.C. § 1227(A)(2)(a)(i) and ineligible for a waiver of removal under INA § 237(a)(1)(H). Sellers filed a motion to reconsider, reiterating her arguments and additionally arguing that she was eligible for a waiver of removal under INA § 212(h). The immigration judge denied her motion to reconsider.

Sellers appealed to the Board of Immigration Appeals (BIA), which dismissed her appeal. Sellers argues that the BIA incorrectly found that her conviction is a crime involving moral turpitude rendering her removable under 8 U.S.C. § 1227(A)(2)(a)(i). Sellers also argues that the BIA erred in finding her ineligible for waivers of removal under INA § 237(a)(1)(H) and INA § 212(h). For the reasons set out below, we conclude that we must deny Sellers's petition for review of the BIA's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Diana Sellers (now named Diana Pertuset but referred to as Sellers in the administrative record) is a Russian citizen who entered the United States on a non-immigrant visitor's visa in 2005. On August 23, 2007, based on her marriage to a United States citizen, Sellers's status was adjusted to lawful permanent resident on a conditional basis. As it turned out, the marriage was a sham and resulted in an indictment charging Sellers and her husband with marriage fraud, 8 U.S.C. § 1325(c); false written statement, 18 U.S.C. § 1001(a)(3); and false statement and representation, 18 U.S.C. § 1001(a)(2).

In November 2009, Sellers pleaded guilty to count four of the indictment, which charged her with violating 18 U.S.C. § 1001(a)(2), by "knowingly and willfully mak[ing] a[ ] materially false, fictitious, or fraudulent statement or representation" with regard to "any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." Specifically, the indictment charged that Sellers and her husband "did knowingly and willfully make a false, fraudulent and fictitious material statement and representation to an officer

of the [Citizen and Immigration Services] that they were married and co-habitating as husband and wife, when in truth and fact they well knew said statement and representation was false in that the said marriage was a sham, arranged for the purpose of ... [the husband] to receive compensation and for [the wife] to evade the immigration laws of the United States." Sellers was sentenced to two years' probation, and her permanent resident status was terminated.

In October 2010, the government charged Sellers with two grounds for removability under the INA: (1) as an alien who, by fraud or willful misrepresentation, procured an immigration benefit, INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), and who therefore was inadmissible at the time of adjustment of status, INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A); and (2) as an alien whose conditional permanent residence status was terminated, INA § 237(a)(1)(D)(i), 8 U.S.C. § 1227(a)(1)(D)(i). In May 2011, the government filed an additional ground of removability, charging Sellers (3) as an alien convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed, INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).

At a hearing in August 2011, Sellers admitted the factual allegations in the government's charging documents and conceded guilt with regard to the first two grounds of removability: willful misrepresentation and termination of permanent residence status. She disputed the third charge of removability, conviction of a crime involving moral turpitude. She also claimed eligibility for a waiver of inadmissibility under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). That provision authorizes a waiver of removal based on certain mis-

representations and "grounds of inadmissibility directly resulting from such fraud or misrepresentation."

The immigration judge found Sellers to be removable. First, the judge ruled that Sellers was removable under INA § 237(a)(2)(A)(i) because she was convicted of a crime of moral turpitude. The judge explained that a conviction for making false statements under 18 U.S.C. § 1001(a)(2) constitutes a crime of moral turpitude "where materiality and knowledge are shown." Because count four of Sellers's indictment explicitly stated that she was charged with willfully making a materially false statement, her resulting conviction made her removable.

Second, the judge found Sellers statutorily ineligible for a waiver under INA § 237(a)(1)(H). The judge explained that the waiver required an applicant to "(1) have the specified relationship to a United States citizen or permanent resident, (2) have been in possession of an immigrant visa or equivalent document at the time of admission, and (3) have been otherwise admissible at the time of admission except for inadmissibility under INA § 212(a)(5)(A) [8 U.S.C. § 1182(a)(5)(A)] or INA § 212(a)(7)(A) [8 U.S.C. § 1182(a)(7)(A)] directly resulting from the fraud or misrepresentation." The judge held that Sellers was statutorily ineligible for the waiver for two reasons: (1) she was admitted as a visitor and so was not "in possession of an immigrant visa" and (2) she was not "otherwise admissible" because she had a conviction for committing a crime of moral turpitude, a "ground of removability not specified in INA § 212(a)(5)(A) or (7)(A)."

Sellers filed a motion for reconsideration, reiterating and expanding upon her arguments that her crime was not one of moral turpitude and that she was therefore eligible for a waiver under INA § 237(a)(1)(H). She also invoked eligibili-

ty for a waiver under INA § 212(h), 8 U.S.C. § 1182(h), claiming that she departed the United States in 2009 for a trip to Russia and was admitted upon return. Hence, she argued, the government should have charged her as inadmissible under § 212, rather than as removable under § 237, making her eligible for the waiver in § 212(h). She asked the immigration court to grant her the § 212(h) waiver "*nunc pro tunc.*" On September 17, 2012, the immigration judge denied Seller's motion for reconsideration, reaffirming that her conviction was for a crime involving moral turpitude. The judge did not address her argument for a § 212(h) waiver.

Sellers appealed to the BIA, but her appeal was unsuccessful. The BIA first observed that a decision that it issued during the pendency of Sellers's appeal held that a conviction under 18 U.S.C. § 1001(a)(2) is categorically a crime of moral turpitude, foreclosing her argument to the contrary. Second, the BIA held that a waiver under INA § 237(a)(1)(H), although available to waive removal on the basis of fraud, is not available to waive removal on basis of a *conviction* for making false statements. And third, the BIA held that another decision that it issued during the pendency of Sellers's appeal made it clear that a § 212(h) waiver is available to a removable alien only if the alien concurrently establishes eligibility for adjustment of status. Because Sellers was not eligible for such an adjustment, the § 212(h) waiver was not available to her. Sellers filed a timely petition for review of the BIA's decision.

## II. DISCUSSION

When the BIA issues its own separate opinion after reviewing the decision of an immigration judge, we treat the ruling as the final agency determination. *See Khalili v. Holder,* 557 F.3d 429, 435 (6th Cir. 2009).[1] We review all legal determinations *de novo,* but grant substantial deference to the BIA's interpretation of the INA and its accompanying regulations. *Id.*

### A. Whether Sellers's Conviction Under 18 U.S.C. § 1001(a)(2) is a Crime Involving Moral Turpitude

Sellers contends that the BIA erred in concluding that her conviction for false statements relating to her sham marriage is a crime involving moral turpitude within the meaning of INA § 237(a)(2)(A)(i). The BIA relied on its decision in *Matter of Pinzon,* 26 I. & N. Dec. 189 (BIA 2013), issued while Sellers's appeal of the immigration judge's decision was pending. In that case, Pinzon was convicted under 18 U.S.C. § 1001(a)(2) for entering the United States using a passport procured with a false birth certificate. *Id.* at 189–90. Pinzon argued that a conviction under § 1001(a)(2) could be obtained without a showing of fraudulent intent and, therefore, that such a conviction was not categorically a crime involving moral turpitude. *Id.* at 192. The BIA disagreed, noting that the Eleventh Circuit had held in *United States v. House,* 684 F.3d 1173, 1203 (11th Cir.2012), that "proof of a specific intent to deceive by making a false or fraudulent statement is a prerequisite for a conviction under § 1001." Pinzon also argued that a conviction could be obtained under § 1001(a)(2) even if the misrepresentation was not material. *Pinzon,* 26 I. & N. Dec. at 193. Again the BIA disa-

---

1. In her briefing, Sellers contends that the immigration judge made several legal errors in her analysis. However, we do not review the immigration judge's resolution of questions of law if the BIA issues its own opinion rather than adopting that of the immigration judge. *See Khalili,* 557 F.3d at 435.

greed, noting that the plain language of the statute requires that the offender make a *"materially* false, fictitious, or fraudulent statement or representation," *id.* (emphasis in original) (quoting 18 U.S.C. § 1001(a)(2)), and that the Eleventh Circuit had held that a statement is "material" under the statute if it has "the capacity to impair or pervert the functioning of a government agency." *Id.* (quoting *United States v. Boffil–Rivera,* 607 F.3d 736, 741 (11th Cir.2010)). The BIA concluded that "an offense that involves impairing or obstructing a function of the Government by deceit, graft, trickery, or dishonest means"—the "minimum conduct criminalized by 18 U.S.C. § 1001(a)(2)"—"involves moral turpitude." *Id.* at 194.

Sellers, pointing to the fact that *Pinzon* relied on Eleventh Circuit precedent, argues that our precedent and jury instructions dictate a different conclusion. She claims that the Sixth Circuit's jury instructions applicable to § 1001(a)(2) require an "inten[t] to deceive" only if a statement is "fraudulent," not if it is "false" or "fictitious." *See* Sixth Circuit Pattern Jury Instructions 13.02 (2013 ed.). At a minimum, Sellers argues, the instructions intimate that § 1001(a)(2) sets out multiple offenses, only some of which involve moral turpitude. Therefore, she says, her case must be remanded to the immigration judge for application of the so-called "modified categorical" analysis. *See Kellermann v. Holder,* 592 F.3d 700, 704–05 (6th Cir.2010).

■ Unfortunately for Sellers, the BIA has reasonably concluded that § 1001(a)(2) categorically defines a crime involving moral turpitude. *See Fayzullina v. Holder,* 777 F.3d 807, 813–14 (6th Cir.2015) (holding that § 1001(a)(3) categorically defines a crime involving moral turpitude and noting that the differences between (a)(3) and (a)(2) "do not affect the degree of moral

turpitude.") When we considered a previous version of the statute, one that did not incorporate a materiality requirement, we noted that "this court has held that making a false statement is a [crime involving moral turpitude] where materiality and knowledge are shown." *Kellermann,* 592 F.3d at 704 (citing *Zaitona v. I.N.S.,* 9 F.3d 432, 437 (6th Cir.1993)). But, the current statutory language explicitly requires that an offender act "knowingly and willfully" and that the statement in question be "material[.]" 18 U.S.C. § 1001(a)(2). And like the Eleventh Circuit in the cases relied on in *Pinzon,* we have held a statement to be "material for purposes of 18 U.S.C. § 1001 if it has the natural tendency to influence or is capable of influencing the federal agency." *United States v. Lutz,* 154 F.3d 581, 588 (6th Cir.1998). Thus, our precedent aligns with the BIA's conclusion that a violation of § 1001(a)(2) categorically results in a crime involving moral turpitude.

In any event, even if the immigration judge had applied the modified categorical approach, *see Kellermann,* 592 F.3d at 704–05, it is plain that Sellers intended a material deception. *See Fayzullina,* 777 F.3d at 813 ("[C]rimes of making deliberately dishonest statements involving material facts are inherently crimes involving moral turpitude."). Sellers conceded the government's factual allegations, including the allegation that her marriage "was entered into for the purpose of evading the immigration laws of the United States in order to procure [her] admission as an immigrant" and that her status was adjusted "based upon [her] marriage...." Moreover, Sellers conceded removability under INA § 212(a)(6)(C)(i) (via § 237(a)(1)(A)), thus acknowledging that "by fraud or by willfully misrepresenting a material fact, she procured an immigration benefit." Even if Sellers were to receive the remand

she requests, the immigration judge would conclude, as we do here, that her crime was one involving moral turpitude.

### B. Whether Sellers is Eligible for a Waiver Under INA § 237(a)(1)(H)

Sellers argues that she is eligible for a waiver under INA § 237(a)(1)(H). That provision, titled "waiver authorized for certain misrepresentations," provides that "[t]he provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission … may, in the discretion of the Attorney General, be waived for any alien" who meets certain conditions. 8 U.S.C. § 1227(a)(1)(H). The statute also says that "[a] waiver of removal for fraud or misrepresentation under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation." *Id.*

Sellers contends, not unreasonably, that her conviction for a crime involving moral turpitude is a "ground[ ] of inadmissibility directly resulting from [her] fraud or misrepresentation." But we considered and rejected that argument in *Fayzullina*, 777 F.3d at 815. There, we explained that the waiver applies to provisions of "this paragraph," meaning paragraph (1) of § 237(a). The provision making removable those aliens who are convicted of crimes of moral turpitude appears in paragraph (2), to which the waiver does not apply. Therefore, Sellers may not take advantage of the waiver to avoid removability as a result of her conviction.

### C. Whether Sellers is Eligible for a Waiver Under INA § 212(h)

Sellers argues that the BIA erred in finding her ineligible for a waiver under INA § 212(h). That provision authorizes a waiver under certain circumstances for aliens found to be *inadmissible* due to the commission of certain crimes, including crimes involving moral turpitude under § 212(a)(2)(A)(i)(1). Sellers is present in the United States, and so was charged as removable under § 237, not inadmissible under § 212. She claims, however, that she exited and reentered the United States in 2009. Because her reentry occurred after her false statements were made, she argues that she was inadmissible at that time and that a § 212(h) waiver should be granted *nunc pro tunc*.

There are two factual problems with Sellers's theory, either of which the BIA could have relied upon in rejecting her request for relief under § 212(h). First, she waived the issue. Her argument depends on facts asserted in a motion for reconsideration. Normally, arguments raised for the first time in a motion for reconsideration are forfeited on appeal. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir.2012). Moreover, Sellers never requested a hearing or submitted evidence to establish the alleged facts. Second, even if we accepted her account, the record shows that her conviction became final on March 22, 2010, after her international travel had concluded. When she returned to the United States in 2009, she was not inadmissible due to a criminal conviction that had not yet occurred and, thus, was not eligible for a waiver of that conviction.

But even putting those factual problems aside, the BIA did not err in deeming Sellers ineligible for the waiver. The BIA relied on its recent decision in *Matter of Rivas*, 26 I. & N. Dec. 130 (BIA 2013), *pet. for rev. denied sub. nom., Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324 (11th Cir.2014), *cert. denied*, ⎯ U.S. ⎯, 135 S.Ct. 1414, 191 L.Ed.2d 364 (2015). In that case, the BIA noted that the statute authorized a § 212(h) waiver only "where the alien is applying or reapplying 'for a visa, for ad-

mission to the United States, or adjustment of status.'" *Id.* at 131 (emphasis omitted) (quoting 8 U.S.C. § 1182(h)(2)). That language, the BIA held, means that a § 212(h) waiver is not available to an alien in removal proceedings on a "stand alone" basis, but rather is available only if the alien files a concurrent application for adjustment of status. *Id.; see also* 8 C.F.R. § 1245.1(f) (providing that, for aliens within the United States, an application for an adjustment of status "shall be the sole method of requesting [a § 212(h) waiver]"). Given that requirement, the BIA found that "granting a waiver *nunc pro tunc* would violate the plain language of the statute and the intent of Congress." *Rivas,* 26 I. & N. Dec. at 134 (italics added). Moreover, the BIA explained, determining eligibility for the waiver based on an alien's international travel created an "asymmetry" that "was a violation of equal protection." *Id.* at 133 (citing *Judulang v. Holder,* — U.S. —, 132 S.Ct. 476, 480, 181 L.Ed.2d 449 (2011)).

Grounded in the statutory text and legitimate equal protection concerns, the BIA's interpretation of the INA is plainly reasonable and entitled to deference. *See Palma–Martinez v. Lynch,* 785 F.3d 1147, 1149–50 (7th Cir.2015) (upholding the BIA's interpretation of § 212(h)); *Rivas,* 765 F.3d at 1329–30 (same). Because Sellers did not file a concurrent application for a status adjustment (for the obvious reason that her sham marriage has made her ineligible for one), she is not eligible for § 212(h) waiver.

### D. Whether the Government's Charging Decision was Arbitrary and Capricious

 Finally, Sellers contends that the government's decision to charge her as removable due to a crime involving moral turpitude, thus depriving her of eligibility for a waiver under either INA § 237(a)(1)(h) or § 212(h), was arbitrary

and capricious. However, we lack jurisdiction to review the government's decision to commence proceedings, adjudicate cases, or execute removal orders. 8 U.S.C. § 1252(g); *see also Reno v. American–Arab Anti–Discrimination Comm.,* 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (holding that § 1252(g) precludes review only of the "three discrete actions" named in the text). "Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *American–Arab Anti–Discrimination Comm.,* 525 U.S. at 485 n. 9, 119 S.Ct. 936. This preclusion of judicial review reflects the broad discretion that the government has to charge an alien "with any applicable ground of inadmissibility" or "any applicable ground of deportability." 8 U.S.C. § 1229a(a)(2). As a result, Sellers's claim is not justiciable.

### CONCLUSION

Because BIA did not err in finding Sellers removable and ineligible for statutory waivers, we DENY the petition for review.